UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARQUIS TAYLOR,

        Petitioner,        Civil No. 10-13256-BC
                                        Honorable Thomas L. Ludington

v.

STEVEN RIVARD,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR A STAY OF PROCEEDINGS AND DISMISSING PETITION WITHOUT PREJUDICE

Petitioner Marquis Taylor, presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a pro se application for a writ of habeas corpus on August 17, 2010. *See* 28 U.S.C. § 2254. Petitioner challenges his Michigan conviction for first degree criminal sexual conduct. On December 22, 2010, Petitioner filed a motion to stay the proceedings while he returns to state court to exhaust additional claims. For the reasons explained below, the motion will be denied and the petition for a writ of habeas corpus will be dismissed without prejudice.

**I.**

Following a jury trial in Kent County Circuit Court, Petitioner was convicted of first-degree criminal sexual conduct. On May 22, 2008, he was sentenced to ten to thirty years' imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals raising the following claims: (i) a reference to the existence of a polygraph report denied him a fair trial; (ii) the admission of a no contest plea in a separate case violated his right to a fair trial; (iii) the conviction should be reduced to third-degree criminal sexual conduct; and (iv) ten sentencing guideline points were incorrectly scored for offense variable four. The Michigan Court of Appeals affirmed Petitioner's

conviction. *People v. Taylor*, No. 285889 (Mich. Ct. App. Nov. 19, 2009).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal on April 27, 2010. *People v. Taylor*, No. 140311 (Mich. Apr. 27, 2010).

## II.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner requests that the Court hold his petition in abeyance so that he may exhaust an unexhausted claim in state court regarding an alleged violation of his right to a public trial. A federal court may stay a federal habeas petition pending resolution of state court post-conviction proceedings if dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In this case, Petitioner has not shown the need for a stay. The one-year statute of limitations applicable to habeas corpus proceedings does not pose a problem for Petitioner as long as he promptly returns to this Court following the completion of his state court proceedings. 28 U.S.C.

§ 2244(d)(1). The one-year limitations period did not begin to run until July 26, 2010, 90 days after the conclusion of Petitioner's direct appeal. *See Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). Petitioner filed the instant petition on August 11, 2010. He thus has approximately eleven months remaining of the one-year period in which to seek federal habeas review.[1]

### III.

Accordingly, it is **ORDERED** that Petitioner's motion for a stay of proceedings [Dkt. # 4] is **DENIED**.

It is further **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 10, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 10, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

---

[1] While the time in which a habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. *See Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004) (equitably tolling one-year statute of limitations for the period when petitioner's first habeas petition was pending in federal court). Moreover, even if the limitations period were not equitably tolled during the pendency of this petition, Petitioner would have over six months remaining in the limitations period.